SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| | CASE NO. |
| | |
| | **COMPLAINT FOR DAMAGES:** |
| AUDREY MERRIWEATHER, | 1. Violation of Fair Credit Reporting Act; |
| Plaintiff, | 2. Violation of California Consumer Credit Reporting Agencies Act; |
| v. | 3. Violation of California Unfair Business Practices Act |
| Equifax, Inc.; Experian Information Solutions, Inc.; Rudolph Incorporated; HSBC Bank USA, National Association and DOES 1 through 100 inclusive, | 4. Demand Exceeds $10,000.00 |
| Defendants. | |

COMES NOW Plaintiff AUDREY MERRIWEATHER, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a), and California Business and Professions Code § 17200. Plaintiff seeks redress for the

unlawful and deceptive practices committed by the Defendants in connection with their

inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 7 bankruptcy.

## JURISDICTION & VENUE

2.  Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

every paragraph above, fully set forth herein.

3.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. §

1681

4.  This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

5.   Plaintiff filed for Chapter 7 bankruptcy protection on December 30, 2014 in order to

reorganize and repair Plaintiff's credit.  Plaintiff's Chapter 7 bankruptcy was

discharged on May 8, 2015.

6.   On June 2, 2015 Plaintiff ordered a three bureau report from Equifax, Inc. to ensure

proper reporting.

7.   Plaintiff noticed several tradelines all reporting a misleading and or inaccurate account

status and or listing of the account as in collections and or charged off rather than

discharged in Bankruptcy.

8.   In response Plaintiff disputed the inaccurate tradelines via certified mail with Experian

Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

9.   Plaintiff is informed and believes that each credit reporting agency sent each

Defendant notification that plaintiff was disputing the accuracy of what it was reporting

to them.

10.  Defendants Rudolph Incorporated and HSBC Bank USA, National Association failed

to conduct a reasonable investigation and reported falsely to Experian Information

Solutions, Inc. and Equifax, Inc. a misleading and or inaccurate account status and or

listing of the account as in collections, repossessed, past due and or charged off rather

than discharged in Bankruptcy.

11.  Equifax, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information.  After the statutory time period passed for Equifax, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

12.  Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information.  After the statutory time period passed for Experian Information Solutions, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

13.  On September 4, 2015 Plaintiff ordered a second three bureau report from Equifax, Inc. to ensure proper reporting.

14.  Plaintiff's account was in dispute but the furnisher Experian Information Solutions, Inc. and Equifax, Inc. failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

15.  On October 26, 2015 Plaintiff ordered a third three bureau report from Experian Information Solutions, Inc. to ensure proper reporting.

16.  Plaintiff's account was in dispute but the furnisher; Equifax, Inc. and Experian Information Solutions, Inc. failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

17.  The credit bureaus have an obligation to delete the tradeline when a response is not received by the furnisher within the statutory time frame.

18.  The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

19.  The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

20.  The actions of the Defendants as alleged herein are acts in violation of the California Business and Professions Code § 17200.

# FIRST CAUSE OF ACTION

(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Equifax, Inc. and Experian Information Solutions, Inc.- Failure to Reinvestigate Disputed Information.**

21. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

22. After plaintiff disputed the accounts mentioned above, Defendants Equifax, Inc. and Experian Information Solutions, Inc. were required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendants were required to send all relevant information to the furnishers which they did not do. Defendants failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**Rudolph Incorporated and HSBC Bank USA, National Association – Reporting Inaccurate Information to Defendants Equifax, Inc. and Experian Information Solutions, Inc. and Failure to Reinvestigate.**

23. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

24. 15 USC 1681s-2 prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

25. Defendants Rudolph Incorporated and HSBC Bank USA, National Association violated section 1681s-2 by failing to conduct a reasonable investigation and re-reporting a misleading and or inaccurate account status and or listing of the account as in collections and or charged off rather than discharged in Bankruptcy. Defendants

4

Equifax, Inc. and Experian Information Solutions, Inc. provided notice to the Defendants that Plaintiff was disputing the inaccurate or misleading information but each of the furnishers failed to conduct a reasonable investigation of the information as required by the FCRA.

<u>**SECOND CAUSE OF ACTION**</u>
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**Rudolph Incorporated and HSBC Bank USA, National Association – Reporting Inaccurate Information to Defendants Equifax, Inc. and Experian, Information Solutions, Inc.**

26. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

27.  Defendants Rudolph Incorporated and HSBC Bank USA, National Association intentionally and knowingly reported a misleading and or inaccurate account status and or listing of the account as in collections and or charged off rather than discharged in Bankruptcy to Equifax, Inc. and Experian Information Solutions, Inc. Plaintiff alleges that Creditors re-reported a misleading and or inaccurate account status and or listing of the account as in collections and or charged off rather than discharged in Bankruptcy to Equifax, Inc. and Experian Information Solutions, Inc. in violation of California Civil Code § 1785.25(a).

28.  Plaintiff also alleges that Creditors had reason to know that the information reported on Plaintiff's accounts were misleading and or inaccurate.

29.  Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its

investigation should have provided notice to Defendants of it's misleading and or inaccurate reporting.

30. Creditors failed to notify Equifax, Inc. and Experian Information Solutions, Inc. that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

31. Creditors' communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

32. As a direct and proximate result of Creditors' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

33. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditors and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditors at all times relevant to this Complaint was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about December 30, 2014 and continuing to the present, Creditors committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. These unlawful business practices of the Creditors are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping,

failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

63.  Creditors' acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore unlawful business practices within the meaning of Business and Professions Code § 17200.

64.  Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    a.  For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b.  Award  statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c.  Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

    d.  Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;

    e.  Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;

    f.  For determination by the Court that Creditors' policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;

    g.  For determination by the Court that Creditors' policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

**SAGARIA LAW, P.C.**

Dated: November 9, 2015        By:    */s/ Elliot Gale*
                           Scott Sagaria, Esq.
                           Elliot Gale, Esq.
                           Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.


**SAGARIA LAW, P.C.**


Dated: November 9, 2015

*/s/ Elliot Gale*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff